■DORE, Judge.
This is the second time this case has been before us. Our first opinion is reported at La.App., 37 So.Zd at page 40, rehearing denied La.App., 37 So.2d at page 412. Following the refusal of a rehearing, both plaintiff and defendants applied for writs of certiorari to the Supreme Court, which were granted. On April 24, 1950, the Supreme Court reversed our decision, 46 So. 2d 744, which reversal was only on the question of insurance coverage, and remanded the case to us for decision on the factual issues involving plaintiff’s and defendant’s contentions of negligence and contributory negligence. The case is now before us pursuant to the mandate of the Supreme Court.
*73 The pleadings and issues involved in this case have been fully stated -in our former decision, La.App., 37 So.2d at page 40, and ■ in the decision of the Supreme Court, not yet reported. Pursuant to the mandate of the Supreme Court, we now consider the factual issues involving plaintiff’s and defendant’s contentions of negligence and contributory negligence. .
As to the question involving the negligence of the truck driver, the evidence -is conflicting. The only eyewitnesses. to the • actual accident were the plaintiff Dominguez, his guest, Herbert Lee Lavigne, and-the truck driver, Williams. The plaintiff testified that just prior to the accident, as he was approaching the town of Poncha-toula, he diminished the speed of his automobile from about 35 miles per hour to 25 miles per hour, and that immediately before reaching the scene of the accident he met an automobile coming from'the opposite di- ' rection, and that the lights on that áutomo-bile blinded him slightly and that almost at the same instant, he perceived the truck cross the highway, about 15 feet ahead, and that he had nf> time to apply his brakes, and ran into the left rear side of the truck; that the truck had no lights whatsoever, and from its position, had apparently backed onto the highway at a 45 degree angle, the front pointing southwest and the rear end northeast, and occupying the whole traffic portion of the pavement. The plaintiff’s guest passenger testified very much to the same effect, except he does not say that he was blinded by the lights of the automobile traveling from the opposite direction.
The truck driver, Williams, testified that he had gone to assist a friend and fellow-employee who had driven his automobile in a ditch at a point some three miles east of the scene of the accident; that he was returning to his home to the west of the scene of the áccident, and was driving his ■ truck on the north or- right-hand side of the highway, heading west, at a reasonable rate of speed, when suddenly he was struck from the rear by plaintiff’s automobile. '
The preponderance of the testimony given by witnesses who appeared a short time after the accident is to the effect that the debris, such as glass, oil and parts of the truck body, began some 30 feet east from the intersection of a road leading south from the -paved highway, .and were scattered mainly on the north paved portion near the center line, and' extended westerly for a distance--of some 30 feet or more. Thus, the locus of the collision is-established as being some 30 feet to the east of the dirt road leading to the south of the paved highway. The impact caused the truck to completely turn around,. severed the differential assembly from the chassis the, truck, caused the differential assem-hly, that is, the rear wheels, axis and hous-in£ to land in a ditch some few feet on the west of the dirt road, and the .cab and chassis to turn over on its side on the north' shoulder or right-hand side of the paved road, -some 30 feet west of the side road, The automobile of the plaintiff came to -rest, partly on the paved portion and partly.on the shoulder of the road some 175 feet from ^ point of collision.
It seems clearly established that the collision was on the right-hand side of the highway and that the impact was near the left -rear wheel of the truck. It i-s not elearly established that the truck had backed 'from the -south side xoad; it is more xea-sonable to believe that the truck was proceeding'west on the highway, as stated by Williams, and was struck on its left fear wheel and side as the plaintiff attempted to get around it. We are fortified in this con-elusion by the testimony of John Welch, a garage repair operator, who,, upon being questioned by the trial judge, testified:
“Q. -Could it be possible for that truck to have .been backing out of this side road at a 45 degree angle and be hit with that car going west? A. Judge, you want my. opinion of it would be no.
“Q. How do you explain the truck was hit from the left rear? A. My opinion would be the car was following on the truck and before he saw it and tried to cut around. If he had hit it in the center, it WOuld .have wrecked the whole front; end 0f the car. He had to hit that rear end, a glancing lick and jerked arounsh If he had hit a dead impact it would have tore his whole front end of his automobile; all to pieces.
*74 “Q. How can you explain the rear wheels being on the south side and the cab on the north ? A. As he hit from the rear, it automatically knocked that spring on the left-hand side aloose and that leaned the truck over and when the truck went over, it broke the spring hanger on the right-hand side of the truck and the spring release on the left-hand side, and. that automatically throwed the truck over on the north side of the highway and that would roll the rear wheels on the south side.”
Furthermore, the evidence shows that the right front side of the automobile and the left front rear wheel and side of the truck bore the brunt of the collision. Had the truck been in the position as testified by the plaintiff and his companion and had received a blow on the side by the car, the impact would have tended to push the truck sidewise causing skid marks or burns on the concrete and block the passageway of the automobile. Yet the evidence is conclusive that the automobile passed the truck and went over 100 feet beyond the truck before coming to a stop.
With reference to the lights or lack of lights on the truck, the evidence is quite conflicting. The testimony of the plaintiff and his companion is to the effect that an automobile with blinding lights had just passed them when in a split second their automobile ran into the truck. They testified that they did not see any lights. That is probably so because the accident happened so suddenly. Williams testified that his left front rear lights were burning. He is corroborated by Junior Buddy and John Welch. This charge of negligence, like the charge of backing into the paved portion of the road, has not been satisfactorily proven.
It had been raining before and at the time of the accident. A fog or mist was then existing. The pavement was wet. Although plaintiff and his companion state that at the time of the accident, the speed of travel was not exceeding 25 miles an hour, yet the impact was with such force as to disengage the differential assembly from the chassis of the truck and cause the truck to turn around, and the automobile continued in its travel for 175 feet, thus showing that the rate of travel of the automobile was far in excess of the 25 miles per hour. Plaintiff was then not traveling at a safe rate of speed, considering the weather condition then prevailing.
Furthermore, conceding that a car with blinding lights was approaching him just ¡prior to the collision, it was his bounden duty to reduce his speed and have his car under control rather than to proceed at the rate of speed at which he was traveling.
Not only do we find that the plaintiff has failed to bear the burden of proof that Saul Williams was negligent, under the facts in this case, we also find that the negligence of plaintiff was a proximate, if not the sole cause of the accident. Thusly, our conclusion is that plaintiff cannot recover and the judgment should be reversed and set aside and his suit dismissed at his costs.
For these reasons assigned, it is ordered that the judgment appealed from is hereby annulled, reversed and set aside, and accordingly, it is now ordered that plaintiff’s suit be and the same is hereby dismissed at his costs.