LOTTINGER, Judge.
Plaintiff brings this suit for damages resulting from injuries sustained when a car in which he was riding was involved in a collision with a truck operated by Saul Williams. The defendants are Saul Williams, George Thomas, Williams’ employer, and American Casualty Company, Thomas’ insurer. Plaintiff’s petition was met with an exception of vagueness on the part of defendants Thomas and the insurance company. As the defendant Saul Williams was not served or cited, he has been dropped from these proceedings, and the suit is maintained against Thomas and the insurer. Upon plaintiff filing an amended and supplemental petition, after maintenance of the said exceptions, the defendants filed answer denying negligence on the part of Williams, and,' in the alternative, pleading negligence on the part of plaintiff in not keeping a proper lookout and warning Dominguez (driver of car in which plaintiff was guest) of the imminence of the collision. From judgment in favor of defendants in the lower court, dismissing the action, plaintiff has taken this appeal.
The accident in which the alleged injuries were sustained is the same accident involved in the suit entitled John C. Dominguez v. American Casualty Company, et al., which has been before this court on two previous occasions and in the Supreme Court on one occasion. In that case the suit was brought by John C. Dominguez against the same defendants herein, John C. Dominguez being the driver of the car in which Lavigne was riding. The first occasion in this court -was on appeal from judgment in favor of plaintiff. We then rendered judgment, reported in Dominguez v. American Casualty Co., 37 So.2d 40, reversing the decision of the lower court. On writ of certiorari to the Supreme Court, our decision was reversed, 217 La. 487, 46 So.2d 744, on the question of insurance coverage and scope of employment, and the case was remanded to this court for judgment on the factual issues involving plaintiff’s and defendants’ contentions of negligence and contributory negligence. Our decision on that occasion, reported in La.App., 47 So.2d 72, was to the effect that plaintiff’s negligence was a proximate, if not the sole, cause of the accident. Application for a rehearing was denied (by this court, whereupon plaintiff again applied for writs of certiorari to the Supreme Court, which were also denied.
This case, by agreement of counsel for both parties, was submitted on the testimony taken in the suit entitled Dominguez v. American Casualty Company, reported as aforesaid in 47 So.2d 72. We have analyzed the testimony as submitted in these records and have further studied our opinion as rendered in the case of Domin *410 guez v. American Casualty Company, reported as aforesaid in 47 So.2d 72, and we are of the opinion that.the conclusion as reached therein was correct and therefore adopt herein, in toto, by reference only, the opinion rendered by this court in said case. In addition, we believe that this present suit can be disposed of by further analysis on the questions of whether the tail light of Williams’ truck was burning and the position of Williams’ truck on the highway at the moment of the impact.
The only witnesses for plaintiff who testified regarding whether or not the tail-light on the truck was burning were Lavigne, Dominguez, and Dominguez’s father. The two first mentioned witnesses testified that they did not see the tail light burning, however, they did admit that there was a possibility that it could have been burning without their seeing it. Dominguez’s father testified that he inspected the truck closely after the collision and that there were no headlights on the truck. -He'later admitted that the reflectors were attached to the truck but that they were rusty and had no bulbs, and that he did not see any wires connecting the lights. On his inspection he was unable to find any tail-light. As the truck was hit on the rear left thereof, there is a strong possibility that, had the tail light been on the truck prior to the accident, the impact would have knocked it off.
The mechanic who did' repair work on the truck, testified that he had fixed the lights on the truck a week prior to the accident. He testified that, at that time, the front left light and the tail-light were burning. Junior Buckley testified that he saw the truck a few minutes before the accident, at which time one headlight and the taillight were burning. Their testimony was corroborated by defendant Williams. : The accident occurred at about 11 o’clock on a rainy, or misty, night. We believe that this particular night must have been a dark one. It'would indeed, have been an almost impossible task for Williams to have driven the distance which the evidence shows he covered with no lights what'soéver. Furthermore, it appears that, had no lights been burning on the truck, the witnesses for defendants would have done a better job in making up their story and say that all the lights were burning. [We believe that the plaintiff has failed to sustain his burden of proving by a preponderance of the evidence,, that the tail-light of the truck was not burning.]
The evidence shows that the car in which plaintiff was riding was traveling west on the paved highway from Madisonville towards Ponchatoula. Dominguez testified1 that, on approaching the point of impact, he was blinded by the headlights of an oncoming car, and that as the said car passed him he noticed the truck at a distance of fifteen feet in front of him standing across the highway at about a forty-five degree angle. It wastoo late, at that time, for him to take any precautions to avoid the accident, and the front of'his car ran into the left side of the truck. He assumed that the truck had just backed out of a dirt road to the south of the highway. His testimony in the above respects, is the same as that of La-vigne. All the witnesses, for both parties, testified that, after the accident, the cab of the truck was in the ditch to the north of the highway and the rear wheels of the truck were in the ditch to the south of the highway. The car in which Lavigne was riding was some 170 feet west of the apparent point of impact, according to the police officers who investigated the accident. Both, Lavigne and Dominguez testified that they were traveling at about twenty-five miles per hour at the time of the accident.
If the truck, immediately before the impact, was in the position as testified by La-vigne and Dominguez, then the cab would have been on the south side of the center line of fhe highway, and the rear wheels would have been on the north side of the center line. We are absolutely unable to comprehend how the cab and rear wheels would completely switch sides.of the highway by the relatively light impact of a car traveling twenty-five miles per hour. We believe .that this fact alone would show that plaintiff is incorrect in maintaining that the truck was crossways of the highway. Furthermore, assuming their story to be correct, it would have been impossible for the car to go around the truck and come to a *411 stop some 170 feet on the opposite side of the truck. Saul Williams testified that he was returning home from the place about three and one-half miles east of Poncha-toula, where Junior Buckley’s car was in the ditch. His home was about three and •one-half blocks west of the place where the •collision occurred. There was no reason or •occasion for him to be, backing out of the road as contended by plaintiff. We do not believe it possible for a truck that had stopped on the side road, waiting for a car .going east to pass so that it could back out, thereafter for the truck to back out right behind that car and reach a point where it completely blocked the highway within the •split second that Dominguez testified elapsed -after he passed the car going east, at which 'time the truck was only 15 feet away. We •cannot, by any conceivable means, 'believe that the truck was crossways of the highway, as is maintained by plaintiff, at the time of the accident.
We, accordingly, feel that plaintiff has totally failed in his attempt to prove that the lights on' the truck were not burning at the time of the collision. We furthermore conclude that the truck was not standing across the highway at the time of the accident,, but was proceeding westerly along the north lane of the highway, as is ■shown by the location of the debris and the position of the vehicles after the accident. The evidence also indicates that the car in which plaintiff was riding was traveling at a high rate of speed considering the wet pavement and the lessened visibility due to the fog and rain. Such excessive speed is conclusively shown by the distance traveled by the car after striking the truck. Had the car been traveling at a proper rate of speed, under the circumstances, as is claimed by plaintiff, the force of the impact would have slowed it to such an extent that the car would have come to a stop in less than 170 feet from the point of impact.
Plaintiff has completely failed to prove any negligence whatsoever, on the driver of the truck. The evidence and the record indicates that the sole and proximate cause of the accident was the negligence of Dominguez in traveling at an excessive rate of speed, under the circumstances, and his failure to keep a proper and reasonable lookout for others on the highway.
For the reasons assigned, the judgment of the lower court will be affirmed.
Judgment affirmed.